## DESURE et v. MITCHELL et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1426. Decided June 28, 1928.

**First Publication of This Opinion**

Syllabus by Editorial Staff.

**708.   LEASES—1105.   Statute of Frauds.**
   Oral agreement, by which lessor agreed to accept surrender of premises and release lessee from further payment of rent, held valid.and enforcible.

Error to Common Pleas.

Judgment affirmed.

Harris & Holub, Akron, for Desure et.
Sheck, Stevens & Hargreaves, Akron, for Mitchell et.

## FULL TEXT.

**PER CURIAM:**

This was an action brought by the lessor to recover from the lessee the rent due under the terms of a written lease, and the trial resulted in a verdict and judgment in favor of the lessee.

The lessee ceased to occupy the premises during the term of the lease, and his defense to the action was that he surrendered possession of the premises in pursuance of an oral agreement, by which the lessor agreed to accept surrender of the premises and release the lessee from further payment of rent.

The evidence fully established the making of such agreement, but it is claimed that such agreement is not enforceable because not in writing.

We find that the evidence of said agreement was competent, and that if the lessor accepted the surrender of said premises in pursuance of said agreement, such agreement is enforceable although not in writing.

There was a conflict in the testimony as to whether or not the lessor accepted such surrender, and we are not unanimously of the opinion that the finding of the jury that there was such acceptance, is manifestly against the weight of the evidence.

During the last year that the lessee occupied said premises, he paid each month a rental less than that stipulated in the lease, and that was done in pursuance of an agreement made by the lessor and the lessee.

The lessor claims that the agreement was that he would accept such reduced rental until the holidays, when the lessee should pay the same, so that the total amount of rental for the year would be that stipulated in the lease. The lessee denied that such was the agreement, and claimd that the lessor agreed to accept such rental in lieu of the rental stipulated in the lease.

As to this question, we find the jury was justified in finding that the agreement was as claimed by the lessee.

We have examined the other errors complained of, and not finding any prejudicial error in the record of the proceedings of the trial court, the judgment is affirmed.

(Washburn, PJ., Funk, J., and Pardee., J., concur.)